```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
                                           :
UNITED STATES OF AMERICA                   :
                                           :     PROTECTIVE
       - v -                               :     ORDER
                                           :
RAMÓN PERALTA                              :     20 Cr. 385 (KMK)
                                           :
                      Defendant.           :
                                           :
- - - - - - - - - - - - - - - - - - - - - X
```

On the motion of the United States of America, by Audrey Strauss, Acting United States Attorney, through her counsel, Marcia S. Cohen, Assistant United States Attorney ("the Government"), pursuant to Federal Rule of Criminal Procedure 16(d), and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. All materials relating to Victim-1 and Victim-2, including documents, electronic data, and audio/visual materials, provided by the Government to the defense in this action pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; Brady v. Maryland; and/or United States v. Giglio, with the exception of the search warrant affidavits and applications, are considered "Confidential Information."

2. Confidential Information disclosed to the defendant or to his counsel in this case during the course of proceedings in this action:

(a) Shall be used by the defendant and his counsel only in connection with this criminal action;

(b) Shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 2(c) below; and

(c) May be disclosed by the defendant or his counsel in this action only to the following persons (hereinafter "Designated Persons"):

    i. investigative, secretarial, clerical, paralegal and student personnel employed or otherwise retained by the defendant's attorney;

    ii. independent expert witnesses, investigators, expert advisors or other third parties retained in connection with this action;

    iii. fact witnesses or other third-parties, and their respective counsel, interviewed or consulted by the defendant's counsel or a member of the defense team in the course of investigating or defending the case, and

    iv. such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon a defendant's motion.

3. Confidential Information disclosed to the defendant or to his counsel during the course of proceedings in this action, including any and all copies made of said material, shall, at the conclusion of this matter, either be returned to the Government or shredded and destroyed. This matter will be

concluded upon expiration of the period for direct appeal from any verdict in the above-captioned case, the period of direct appeal from any order dismissing any of the charges in the above-captioned case, or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is latest.

4. The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information pursuant to paragraphs 2(c)(i), (ii) and (iii). Designated Persons shall be subject to the terms of this Order and shall sign an acknowledgment, to be retained by defense counsel, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it before being provided with, shown, or read the contents of any materials produced pursuant to terms of this Order.

5. Defense Counsel may, at any time, notify the Government that Defense Counsel does not concur in the designation of documents or other material as Confidential Information subject to this Order. If the Government does not agree to de-designate such document or material, Defense Counsel may thereafter move the Court for an Order de-designating such documents or materials. Such documents or material shall be

deemed subject to this Order unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the parties agree that Rule 16(d) of the Federal Rules of Criminal Procedure applies to disputes regarding regulating discovery.

7. If any dispute should arise between the parties to this action as to whether any documents, materials or other information is Confidential Information subject to the provisions of this Order, such documents, materials and information shall be considered Confidential Information pending further Order of this Court.

8. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, proceeding, hearing, trial or sentencing held in this action or to any District Judge or Magistrate Judge of this Court or any other court for purposes of this action. Nor shall the provisions of this Order be construed as preventing disclosure of any information publicly available or information

obtained by the defendant or his counsel from a source other than the Government.

Dated:   White Plains, New York
         August ___, 2020

                                                     HON. KENNETH M. KARAS
                                                     UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

_____      _____
Ramón Peralta                                Susanne Brody, Esq.
                                                   Counsel for Ramón Peralta

obtained by the defendant or his counsel from a source other than the Government.

Dated: White Plains, New York
~~August~~ September 10, 2020

_____
HON. KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

_____  _____
Ramón Peralta                                  Susanne Brody, Esq.
                                               Counsel for Ramón Peralta

5